# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, | Case No. 2:16-cv-00644-JCM-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| LEE FAMILY PROPERTIES, LLC, SERIES XVII, et al., | |
| Defendant(s). | |

Pending before the Court is the parties' joint proposed discovery plan. Docket No. 28. LR 26-1(b) establishes 180 days, measured from the date the first defendant answers or otherwise appears, as a presumptively reasonable time to complete discovery. Where more than 180 days of discovery are sought, the proposed discovery plan must state on its face, "SPECIAL SCHEDULING REVIEW REQUESTED" and provide an explanation as to why the parties believe additional time is required. LR 26-1(b).

Here, the parties request special scheduling review and explain why they believe additional time is required. Docket No. 28 at 3. The primary reason provided by the parties for exceeding the presumptively reasonable discovery period is that discovery will involve non-parties who are anticipated to be dilatory. *See id.* Such a bald statement that non-party discovery needs to be conducted is insufficient to extend the discovery period. *See, e.g.*, *First Horizon Home Loans v. Day Dawn Crossing Homeowners Association*, Case No. 2:15-cv-1262-JAD-NJK (D. Nev. Sept. 17, 2015) (Docket No. 19). Further, the parties submit additional time is warranted to allow for "the fluid law surrounding this

matter to be further adjudicated." Docket No. 28 at 3. The fluidity to which the parties refer is left unstated. *See id*.

Accordingly, the proposed discovery plan is hereby **DENIED** without prejudice. The parties shall file, no later than July 11, 2016, an amended joint proposed discovery plan submitted in compliance with LR 26-1(b).

IT IS SO ORDERED.

DATED: July 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

2