UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA, et al., | Case No. 2:16-CV-644 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LEE FAMILY PROPERTIES, LLC. SERIES XVII, et al, | |
| Defendant(s). | |

Presently before the court is defendant Copper Sands Homeowners Association, Inc.'s (the "HOA") motion to dismiss.  (ECF No. 21).  Plaintiff HSBC Bank USA, National Association filed a response (ECF No. 26), but no reply was filed.[1]

## I.    Introduction

This case involves the October 2, 2013, non-judicial foreclosure sale of the real property at 8101 West Flamingo Road #1051, Las Vegas, Nevada.  (ECF No. 1).

On March 23, 2016, plaintiff filed the underlying complaint, which alleged the following claims against movant: (1) wrongful foreclosure; (2) negligence; (3) negligence *per se*; (4) breach of contract;  (5) misrepresentation,  (6) unjust enrichment;  and  (7) tortious interference with contract.  (ECF No. 1).

The HOA now moves to dismiss plaintiff's complaint for failure to comply with Nevada Revised Statute ("NRS") 38.310's mediation requirement.  (ECF No. 21).

. . .

. . .

. . .

---

[1]    Plaintiff appears as Trustee for GSAA Home Equity Trust 2005-6, Asset-Backed Certificates Series 2005-6.  (ECF No. 1).

James C. Mahan
U.S. District Judge

## II.    Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

James C. Mahan
U.S. District Judge

### III.   Discussion

#### a.   Unjust enrichment

As an initial matter, plaintiff's claim of unjust enrichment is legally unfounded.  "Unjust enrichment is the 'unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Galvan v. J.C.H. Enters., Inc*., 2011 WL 4501083, No. 2:11-cv-00307-RLH-GWF, at *3 (D. Nev. Sept. 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix,* 898 P.2d 699, 701 (Nev. 1995)).  To state a valid claim for unjust enrichment, a plaintiff must allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant appreciated such benefit; and (3) defendant accepted and retained the benefit.  *Id*. (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)).

Plaintiff alleges that "HSBC has been deprived of the benefit of the secured McCoy Deed of Trust by the actions of the HOA, Lee Properties and fictitious Defendants."  (ECF No. 1 at 19). Accordingly, the purported benefits at issue are not those that plaintiff, through its own actions, bestowed upon defendant.  Thus, the court will dismiss this cause of action as to the instant defendant.

#### b.   Mediation requirement

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."  Nev. Rev. Stat. § 38.310(2).

The alleged lack of Nevada Real Estate Division ("NRED") mediation is the entire basis of the present motion.  (ECF No. 21).  However, plaintiff shows that NRED mediation was completed before defendant submitted the present motion.  (ECF Nos. 13, 26-3, 26-4).  Therefore, defendant's arguments carry no force.

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.     Conclusion

In sum, plaintiff's unjust enrichment claim, as against the HOA, will be dismissed. Otherwise, defendant's motion to dismiss fails because NRED mediation has been completed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Copper Sands Homeowners Association, Inc.'s motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART.

DATED March 1, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -