UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA, et al., | Case No. 2:16-CV-644 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LEE FAMILY PROPERTIES, LLC. SERIES XVII, et al, | |
| Defendant(s). | |

Presently before the court is plaintiff HSBC Bank USA, National Association's ("plaintiff") motion for reconsideration. (ECF No. 79). Defendants have not filed a response, and the time to do so has passed.

**I.    Facts**

This case involves a dispute over real property located at 8101 West Flamingo Road #1051, Las Vegas, Nevada (the "property"). (ECF No. 1).

On February 15, 2005, Leticia R. McCoy purchased the property pursuant to a grant, bargain, sale deed from Copper Sands Homeowners Association, Inc. ("the HOA"). *Id.* McCoy obtained a loan in the amount of $117,600 from GreenPoint Mortgage Funding, Inc. ("GreenPoint") to finance the purchase. *Id.* The loan was secured by a deed of trust recorded on February 28, 2005. *Id.*; (ECF No. 1-6). The deed of trust lists GreenPoint as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." (ECF No. 1- 6). On September 24, 2011, MERS assigned its interest in the deed of trust to Bank of America, N.A. ("BOA"), which was recorded on October 6, 2011. (ECF No. 1-8).

**James C. Mahan**
**U.S. District Judge**

On January 13, 2012, Alessi & Koenig, LLC ("Alessi"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,196.50. (ECF No. 1-10). On June 25, 2012, Alessi, acting on behalf of the HOA, recorded a notice of default and election to sell, stating an amount due of $3,101. (ECF No. 1-11).

On July 23, 2012, Miles, Bauer, Bergstrom & Winters LLP ("MBBW"), acting on behalf of BOA, sent Alessi a letter requesting a payoff ledger. (ECF No. 57). In response, Alessi demanded $3,988.70, but did not include a statement of the super-priority lien amount. *Id.* The payoff demand included a breakdown of past due assessments, fees, and costs, and an account ledger from the HOA showing that the monthly assessment on the property was $164.45.

Based on the monthly assessment amount identified in the ledger, BOA calculated the sum of nine months of common assessments and determined that the superpriority portion of the lien totaled 1,480.05. *Id.* Nevertheless, BOA sent a check to the HOA in the sum of $2,269.77 on August 16, 2012, representing the sum of nine months of common assessments and what BOA believed to be "reasonable collection costs." *Id.*; *see also* (ECF No. 57-3). The HOA, through Alessi, did not accept or cash the check. *Id.*

On January 10, 2013, BOA assigned its interest in the deed of trust to plaintiff via a corporate assignment of deed of trust, which was recorded on January 11, 2013. (ECF No. 1-9).

On July 31, 2013, Alessi recorded a notice of trustee's sale, stating an amount due of $7,507.83 and an anticipated sale date of August 28, 2013. (ECF No. 1-12). On October 2, 2013, the HOA foreclosed on the property. (ECF No. 1). The HOA purchased the property at the foreclosure sale for $8,045.83. *Id.* A foreclosure deed in favor of the HOA was recorded on May 27, 2014. (ECF No. 1-13). Also on May 27, 2014, the HOA sold its interest to defendant Lee Family Properties, LLC, Series XVII via quitclaim deed. (ECF No. 1-14).

On March 23, 2016, plaintiff filed the underlying complaint, alleging claims for, *inter alia*, quiet title (ECF No. 1). In the instant motion, plaintiff asks the court to reconsider its March 23, 2018, order denying plaintiff's motion for summary judgment based upon an intervening change in controlling case law from the Nevada Supreme Court. (ECF No. 79). *See* (ECF No. 72).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

Plaintiff argues that the court should reconsider its prior order denying plaintiff's motion for summary judgment because it properly tendered the superpriority portion of the HOA's lien on August 16, 2012. *See* (ECF No. 90). In light of the Nevada Supreme Court's ruling in *Bank of America*, the court agrees. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018).

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BOA (plaintiff's predecessor in interest) sent a check for more than nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien.

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

**IV.    Conclusion**

In light of the foregoing, the court finds that plaintiff is entitled to judgment as a matter of law on its quiet title claim, and therefore holds that plaintiff's deed of trust continues to encumber the property.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 79) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's order filed on March 23, 2018, (ECF No. 72) be, and the same hereby is, VACATED.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

The clerk is instructed to enter judgment accordingly and close the case.

DATED February 11, 2019.

_____
UNITED STATES DISTRICT JUDGE